SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB #965128**
Scott.Kerin@usdoj.gov
**NICOLE M. BOCKELMAN, OSB #105934**
Nicole.Bockelman@usdoj.gov
**SARAH BARR, WSBA #40758**
Sarah.Barr@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00253-AB |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE** |
| **HUGO GOMEZ-SOTO,** | |
| Defendant. | |

I.   **RESPONSES TO DEFENDANT'S MOTINOS IN LIMINE**

   A.  **Motion for Extended Voir Dire Examination by Counsel**.

The government does not object to a reasonable amount of attorney-conducted voir dire, consistent with Federal Rule of Criminal Procedure 24(a). However, the Court retains broad discretion to control voir dire, and the government opposes any open-ended or unlimited questioning. *See United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979) ("The scope of

**Government's Response to Defendant's Motions in Limine**                                                                Page 1

*voir dire* examination and the procedures used . . . are matters within the sound discretion of the trial judge."). The Court's standard procedures, combined with the parties' proposed questions or limited follow-up, are sufficient to protect Defendant's constitutional rights. Defendant's concerns regarding implicit bias may be addressed through properly crafted voir dire questions and jury instructions under the Court's supervision.

### B.  Exclusion of Mr. Gomez-Soto's Prior Felony Conviction.

Defendant seeks to exclude evidence of his 2009 prior felony conviction of Manufacture/ Delivery of a Schedule I/II Controlled Substance under Washington State Statute 69.50.401(2)(A), arguing that exclusion is necessary to prevent unfair prejudice against him.

The government does not seek to introduce evidence of defendant's prior Manufacture/ Delivery conviction in its' case-in-chief. If defendant chooses to take the stand, his prior conviction should be admissible to impeach him under Federal Rule of Evidence (FRE) 609.

Defendant is not entitled to a pretrial ruling on the admissibility of his prior conviction; this Court is not required to rule on this issue until it has heard defendant's testimony. *See Luce v. United States*, 469 U.S. 38, 43 (1984) ("to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify"). Where a district court is unsure of whether to admit or exclude evidence of a prior conviction, "the better procedure" is for the court to wait until it knows "the precise nature of the defendant's testimony." *United States v. Browne*, 829 F.2d 760, 762 (9th Cir. 1987) (quoting *Luce*, 469 U.S. at 41).

Nonetheless, the circumstances weigh in favor of admitting his prior conviction because its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1). *Browne*, 829 F.2d at 762 (listing five factors for the Court to consider for admission of prior

felony convictions); *see also United States v. Martinez-Martinez,* 369 F.3d 1076, 1088 (9th Cir. 2004).

Admission of defendant's prior convictions is not precluded merely because it is for the same offense as one of the charges at trial. If the conviction "serves a proper impeachment purpose, it, like evidence of other crimes, may be admissible in spite of its similarity to the offense at issue." *Browne*, 829 F.2d at 763. Admission is particularly appropriate where a defendant testifies to denying committing the offense—placing the defendant's credibility at central issue. *Id.* at 763-764. The prior convictions, even if similar, are "probative of veracity" and properly admissible to impeach defendant's testimony. *Id.* at 763. This is true even where the defendant presents other evidence to corroborate his defense. *United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995), *as amended on denial of reh'g* (Apr. 11, 1995).

Here, the impeachment value of his prior conviction is high because it speaks directly to his credibility should defendant deny any knowledge, understanding, or past experience in drug dealing, and lapsed time does not nullify its impeachment value as to credibility and knowledge. *See e.g., United States v. Ramirez-Krotky*, 177 F. App'x 746, 749 (9th Cir. 2006) (affirming admission of prior conviction for drug trafficking offense as impeachment on cross-examination in trial for drug trafficking charge); *United States v. Pettyjohn*, 161 F.4th 535, 539 (8th Cir. 2025) (same); *United States v. Brito*, 427 F.3d 53, 63–65 (1st Cir. 2005) (same); *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004) (same); *United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999) (same); *see also Rodriguez v. United States*, 286 F.3d 972, 984 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (May 21, 2002) (no ineffective assistance of

///

**Government's Response to Defendant's Motions in Limine**	**Page 3**

counsel in advising defendant not to testify where evidence of past drug trafficking conviction would have been admissible impeachment in trial on drug trafficking charge).

The fact that evidence may be powerful proof does not per se render it unfairly prejudicial. For example, in the context of Rule 403, "[t]hat evidence may decimate an opponent's case is no ground for its exclusion under 403." *United States v. Cruz-Garcia,* 344 F.3d 951, 956 (9th Cir. 2003). "The rule excludes only evidence where the prejudice is 'unfair' – that is, based on something *other* than its persuasive weight." *Id.* (emphasis in original).

In the event that the court permits admission of the prior conviction to impeach the defendant if he takes the stand, an appropriate limiting instruction regarding the use of the prior conviction should be given to the jury.

### C.  Motion to Refer to Mr. Gomez-Soto by His Name.

The government does not anticipate counsel, or the government's witnesses, will refer to defendant as anything other than "the defendant," or "Mr. Gomez-Soto." The government will limit its usage of the term "defendant" to when it is legally relevant and will not refer to defendant as a way to "dehumanize" him, but to simply refer to him and his status as the defendant of this case.

A similar motion was brought before the court in *United States v. Pablo-Morales,* 3:25-cr-00095-IM, ECF NO. 59 at 6. The defense motion was granted in part and denied in part. The defense motion to preclude the government from referring to the defendant as "the alien" was granted to prevent confusion given alienage was an element to be proven, but the court allowed the parties and witnesses to refer to defendant as "defendant" or "the defendant".

///

### D. Exclusion of Witnesses.

Defendant seeks to exclude government witnesses from the courtroom while not testifying to discourage fabrication, inaccuracy and collusion under Federal Rule of Evidence 615. The government does not object to this motion, but would point to the amendment of this rule, created in response to the Victim's Rights and Restitution Act of 1990, 42 U.S.C. § 10606 (18 U.S.C. § 3771), which guarantees, within certain limits, the right of a crime victim to attend the trial. The government does not object to the exclusion of witnesses from court while not testifying, with the exceptions of Randi Smith (the mother of Adult Victim 1), the case agent and expert witnesses.

### E. Exclusion of Evidence of Mr. Gomez-Soto's Undocumented Status or Immigration History.

The government does not seek to introduce any evidence of defendant's undocumented status or immigration history. This highlights the ineffectiveness of defendant's motion in limine where he requests extended voir dire to question the jurors about their view of immigration and the immigration policies of our country today. Defendant seeks in his motion in limine to exclude any reference to his immigration status, and the government agrees that immigration plays no role in the criminal charges brought against defendant. An extended voir dire on the subject of immigration, outside of what the court deems necessary, will bring more attention to this issue, rather than allow the juror to focus on the relevant charges and evidence before them. Indeed, it could been seen as a play for jury nullification, which is a particular concern in a location, like Portland, Oregon, where the population has expressed its disfavor of federal immigration enforcement through passage of state or local "sanctuary laws." *See e.g.*, Oregon

Legislature H.B. 3265 (the Sanctuary Promise Act); Dick VanderHart, OPB, *Oregon's sanctuary law will be stronger than ever under newly passed bill* (June 23, 2021), available at https://www.opb.org/article/2021/06/23/oregon-sanctuary-law-bill-3265-immigration-enforcement/ (last accessed March 5, 2026); *Oregon's sanctuary hotline sees nearly 300% reporting increase* (July 1, 2025), available at https://www.oregonlive.com/politics/2025/07/oregons-sanctuary-hotline-sees-nearly-300-reporting-increase.html (last accessed March 5, 2026); *Gov. Tina Kotek doubles down on Oregon's sanctuary laws in response to U.S. AG* (Aug. 19 2025), available at https://www.oregonlive.com/politics/2025/08/gov-tina-kotek-doubles-down-on-oregons-sanctuary-laws-in-response-to-us-ag.html (last accessed March 5, 2026).

Jurors may have the power to nullify a verdict, but they have no right to do so. *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005). Trial courts have a "duty to forestall or prevent nullification." *United States v. Kleinman*, 880 F.3d 1020, 1031, 1032 (9th Cir. 2017) (citing *Merced*, 426 F.3d at 1079).

### F.  Motion for the Court to Play the Unconscious Bias Video.

The government believes Defendant's request to play the Western District of Washington's "Unconscious Bias" video is unnecessary but defers to the Court's discretion. The risk of prejudice from external materials that are inconsistent with the Court's other instructions should be considered carefully. The Court's standard procedures, combined with the final jury instructions and the proposed voir dire questions submitted by the parties, along with limited attorney follow-up, are sufficient to protect defendant's constitutional rights and his concerns regarding implicit bias. An identical defense motion was denied in *United States v. Pablo-Morales*, 3:25-cr-00095-IM, ECF No. 59 at 8 (explaining that, rather than playing the

video, the court will read the Ninth Circuit Model Criminal Jury Instruction 1.1, Duty of Jury, which instructs the jury not to be influenced by unconscious biases and is sufficient to mitigate bias).

II.    Conclusion

The government reserves the right to present additional argument in support of its Response to the Defendant's Motions in Limine.

DATED: March 9, 2026.                    Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB #965128
Assistant United States Attorney

/s/ *Nicole Bockelman*

NICOLE M. BOCKELMAN, OSB #105934
Assistant United States Attorney

/s/ *Sarah Barr*

SARAH BARR, WSBA #40758
Assistant United States Attorney