Ryan Costello, IL SB #6317378
Megha Desai, OSB #141441
Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Emails:  Ryan_Costello@fd.org
         Megha_Desai@fd.org
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00253-AB |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE TURNER, M.D. |
| v. | |
| HUGO GOMEZ-SOTO, | |
| Defendant. | |

Following the pretrial conference on March 30, 2026, Hugo Gomez-Soto, through counsel, Ryan Costello and Megha Desai, hereby provides supplemental briefing and additional disclosure related to defense expert Dr. Jane Turner, M.D.

Qualifications Related to Confirmation Bias

Dr. Jane Turner, M.D., currently serves as a Clinical Professor of the Department of Pathology and Immunology at the Washington University, School of Medicine. Exhibit A, Dr. Turner CV. She has been a practicing forensic pathologist for over 25 years and has performed well over 5,000 autopsy examinations in her career. ECF 113, Exhibit B. She holds certificates from the American Board of Pathology in anatomic and clinical pathology and forensic pathology. Among all her achievements, she received recognition from the Oklahoma City Medical

PAGE 1.  DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE
        TURNER, M.D.

Examiner's Office in 1995 for "work performed following the bombing of the Alfred P. Murrah Building." Ex. A at 4. Dr. Turner has been testifying as an expert for many years approximately 25 years. She has testified in seven trials and depositions in January and February of this year alone. Exhibit B, List of Testimony. In 2025, she testified in twenty trials and depositions combined. *Id*.

Dr. Turner also has received training on the topic of confirmation and cognitive bias as it relates to her field of pathology. In 2016, Dr. Turner attended Dr. Andrew Baker's presentation on cognitive bias and confirmation bias at the American Academy of Forensic Sciences in 2016. Dr. Andrew Baker is the Chief Medical Examiner for Hennipin County in Minneapolis, Minnesota.[1] On October 26, 2023, Dr. Turner attended an online presentation on confirmation bias in forensic science by Dr. Itiel Dror, Professor at University College London. Dr. Dror has published several articles on cognitive bias including "Biased and Biasing: The Hidden Bias Cascade and Bias Snowball Effects." Behav Sci (Basel), 2025 April 8;15(4):490. Dr. Turner has also read and studies the issues of bias in her field from peer-reviewed scientists including Gordon Guyatt and David Sackett of McMaster University on Evidence-Based Medicine. She has also reviewed publications on bias in medicine by Mark Graber and Pat Croskerry. This month, March 2026, Dr. Turner held a meeting for all anatomic pathology residents, where she discussed the importance of using evidence-based medicine when performing autopsies.

Opinions on Risk of Error and Bias in the field of Pathology and Death Investigations

Based on this education, training, and experience, Dr. Turner is qualified to provide an expert opinion on best practices in the field of pathology to minimize errors and the risk of bias in

---

[1] *See* Pioneer Press Article, https://www.twincities.com/2012/06/16/baker-reappointed-as-medical-examiner/ (last accessed March 31, 2026).

PAGE 2.  DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE
TURNER, M.D.

the field of pathology and how to guard against bias through best practices in pathology. Dr. Turner's training and education in the cognitive bias and bias generally in the field of pathology makes her qualified to provide an opinion about the risks of bias in death investigations generally.

Mr. Gomez-Soto will not question Dr. Turner about whether specific government fact or expert witnesses demonstrated any form of bias. Mr. Gomez-Soto also will not question Dr. Turner about the credibility of the government's expert witnesses. Mr. Gomez-Soto will limit Dr. Turner's testimony to the error rates and risk of bias in the field of pathology generally. To the extent that the updated defense expert notice and Rule 16 Disclosure proposes a broader opinion specifically about whether the government witnesses demonstrated bias (ECF 113 at 6-7; Exhibit B to ECF 113 at 5-6), Mr. Gomez-Soto no longer intends to provide any opinion testimony on whether any government witnesses demonstrated bias through their actions in this case.

<u>Case Law Demonstrates Experts Can Provide Testimony About Error Rates and Bias Generally in their Field of Expertise.</u>

In *Fair v. King County*, the district court allowed one proposed expert witness to testify about whether there was bias in the way evidence was collected while also excluding bias testimony from one proposed expert witness who was not being offered as a bias expert and proposed testifying about the opposing party's expert witness' biases. 2025 WL 1031274, **14-15 (W.D. Wa. April 7, 2025). King County proposed Dr. Theodore Kessis, Ph.D., to testify about the Redmond Police Department's practices related to the collection and submission of DNA evidence and (2) the accuracy and reliability of DNA testing not being an issue. *Id.* at *14. Fair opposed the admission of this expert testimony arguing that Dr. Kessis was unqualified to testify about "the propriety of the manner of collecting evidence, police practices, or whether there was bias in the way evidence was collected." *Id.* Fair also argued that Dr. Kessis has no education or prior training in the collection of evidence, police practices, or bias in policing. *Id.*

PAGE 3.  DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE
TURNER, M.D.

The district court rejected these arguments, finding Dr. Kessis qualified to provide opinions about the evidence collection and submission during the homicide investigation. *Id.* The district court noted that Dr. Kessis's opinions are well-within his qualifications as a DNA expert. *Id.* (citing *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) ("An expert may be qualified to give expert testimony by knowledge, skill, experience, training, or education ... which need only exceed the common knowledge of the average layman.") (internal quotations and citations omitted)). The district court rejected King County's proposed expert, Frank Vanecek, because his expert report contained many opinions relating to bias, he was not qualified or proposed as expert on bias, and some of his proposed testimony centered on the credibility, objectivity, or characteristics of Fair's experts which was the province of the jury. *King*, 2025 WL 1031274 at *15.

The district court's conclusion in *King* is similar to the district court's conclusion in *United States v. Bash* where the district court find the proposed defense expert witness's testimony helpful, denying the government motion in limine to exclude the witness. 2025 WL 51210, **22-24 (E.D. Cal. January 8, 2025) (unpublished). In *Bash*, the defense proposed defense expert Natasha Powers-Marakis, a retired police sergeant and crime scene expert who could provide opinion testimony concerning the crime scene investigation of the homicides at issue. *Id.* at *22. The defense proposed Ms. Powers-Marakis to testify about the failure by government witnesses to follow best police practices, including when the failure to preserve and collect evidence properly leads to a *biased* investigation and eventual conclusion about the crime that occurred and those responsible for the crime. *Id.* at **22-23 (emphasis added).

The court found that Ms. Powers-Marakis' credentials demonstrate that she is qualified in crime scene investigation and that she employed reliable methods from that discipline to offer opinions in the areas mentioned above. *Id.* at *23. The district court rejected the idea that the

PAGE 4.  DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE
         TURNER, M.D.

failings of the investigation can sufficiently be elicited during cross examination, noting Ms. Powers-Marakis intended to form her opinion based on the application of her knowledge, training, and experience to the facts testified to by the investigators and the discovery she reviewed in the case. *Id.* The district court cited the district court judge's opinion in *United States v. Wells* about the admissibility of a crime scene and police best-practices expert, Gregg McCrary. *Id.* at 24 (citing *Wells*, 2019 WL 3229912, **13-14 (D. Alaska July 17, 2019) (unpublished)).

In *Wells,* the defense proposed having a crime scene and police best-practices expert, Gregg McCrary, testify in three areas: (1) explaining proper and necessary law enforcement protocols and procedures in a murder investigation; (2) identifying mistakes and "common subtle traps and hazards" that affect a murder investigation; and (3) discussing "*cognitive biases, probability errors and organization traps* to assist [the jury] in evaluating the large volume of evidence presented about the massive investigation that took place in this case." *Wells*, 2019 WL 3229912 at *13 (emphasis added). In finding Mr. McCrary qualified to testify about these issues, including cognitive bias in his field of expertise, the court focused on Mr. McCrary's masters' degree in psychological services, role teaching a graduate level forensic psychology course at Marymount University that includes coursework about defining cognitive biases, his multiple professional associations about criminal investigation failures, and hid extensive experience and training in the area of police practices and investigation failures. *Id.* Because knowledge of psychological impediments to successful investigations (e.g., tunnel vision, anchor traps, and confirmation bias) is intertwined with the specialized knowledge of best practices and investigation failures, the Court found that Mr. McCrary was qualified to testify as an expert on the topics of investigation best practices, investigation failures, and the psychological effects that can lead to investigation failures. *Id.*

PAGE 5.  DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE
TURNER, M.D.

Here, Mr. Gomez-Soto proposes Dr. Turner's testimony about best practices in a medical examiner's death investigation and the risks of bias in death investigations generally. Her testimony about best practices minimizing errors and guards against bias in pathology is nearly identical to the proposed Ms. Powers-Marakis in *Bash* and very similar to Dr. Kessis in *King* and Mr. McCrary in *Wells*. The failure to follow best practices in evidence collection in *Bash* introduced the possibility of bias in the investigation, while Dr. Kessis's testimony that law enforcement followed best practices in *King* rebutted evidence about bias. Dr. Turner can and should be allowed to testify about the risk of bias generally in death investigations and how best practices guards against. While the defense can cross-examine the government witnesses on the topic of bias, Mr. Gomez-Soto should also be allowed to introduce contrary evidence too. *See* Fed. R. Evid. 702, Advisory Committee Notes to 2000 Amendments ("As the Court in *Daubert* stated: "'Vigorous cross-examination, *presentation of contrary evidence*, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" 509 U.S. 579, 595 (1993)) (emphasis added)). "A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Advisory Committee Notes to 2000 Amendments.

Mr. Gomez-Soto asks this Court to admit Dr. Turner's narrowed expert testimony on best practices and the risks of bias in the field of pathology generally.

Respectfully submitted on this March 31, 2026.

/s/ Ryan Costello
Ryan Costello, IL SB #6317378

/s/ Megha Desai
Megha Desai, OSB #141441

PAGE 6.  DEFENDANT'S SUPPLEMENTAL BRIEFING ON DEFENSE EXPERT DR. JANE
TURNER, M.D.