Ryan Costello, IL SB #6317378
Assistant Federal Public Defender
Email: ryan_costello@fd.org
Megha Desai, OSB No. 141441
Assistant Federal Public Defender
Email: megha_desai@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123

Attorney's for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00253-AB |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| HUGO GOMEZ-SOTO, | |
| Defendant. | |

Hugo Gomez-Soto asks this Court to sentence him to 240 months on Count 1 and 10 months on Count 2 to run concurrently. Mr. Gomez-Soto requests the Court order three years of supervised release to follow his imprisonment. A sentence of 20 years imprisonment is a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a).

PAGE 1.     DEFENDANT'S SENTENCING MEMORANDUM

On April 13, 2026, a jury found Mr. Gomez-Soto guilty of Distribution of Fentanyl and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). He has reviewed the Presentence Investigation Report ("PSR") with defense counsel and has no unresolved objections as to the applicable guidelines range.

Mr. Gomez-Soto has also reviewed all the proposed mandatory, standard, and special conditions of supervision and has no objections to the proposed conditions of supervision. Mr. Gomez-Soto will waive reading of the conditions at sentencing.

The United States Sentencing Guidelines range is 240 months to 293 months. Presentence Investigation Report, ¶ 59. That is based on Count 1's base offense level of 38. Count 1 and Count 2 group under Chapter Three of the Sentencing Guidelines and the significantly higher base offense level of 38 controls for both Count 1 and Count 2.

Absent the jury verdict on Count 1, Count 2's base offense level would be 14 for Mr. Gomez-Soto possessing between 4 and 8 grams of fentanyl with the intent to distribute it on January 25, 2024. *See* PSR ¶ 14 (documenting about 4.16 grams of fentanyl); U.S.S.G. §2D1.1(c)(13). Since Mr. Gomez-Soto acknowledged guilt for Count 2 and asked the jury to find him guilty of that count, he would qualify for a -2 reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a). With a total adjusted offense level of 12 and criminal history category I, Mr. Gomez-Soto's Guidelines range would be 10-16 months, absent the conviction in Count 1. Thus, the defense is asking for 10 months on Count 2 to run concurrently with the 240-month sentence on Count 1.

Mr. Gomez-Soto requests that the Court impose a total prison sentence of 240 months incarceration. He asks for a sentence of 240 months on Count 1 to run concurrently with 10

PAGE 2.    DEFENDANT'S SENTENCING MEMORANDUM

months on Count 2. Mr. Gomez-Soto asks this 240-month sentence be followed by three years of

supervised release.

Respectfully submitted this 7th day of August, 2026.

/s/ Ryan Costello
Ryan Costello, IL SB #6317378

/s/Megha Desai
Megha Desai, OSB #141441